ANGELLOTTI, C. J.
Certain of the heirs of Alfred Baird, deceased, contested his will after probate, and they appeal from a judgment against them following the granting of proponent’s motion for nonsuit.
By his will Alfred Baird sought to dispose of an estate valued at approximately one hundred and ninety thousand dollars. Baird had been the father, of two sons and two daughters. These were B. M. Baird (commonly called Morgan Baird), Sarah Alice Hurd, Edwin Lewis Baird, and Florence Baird Keeler. Of these children Edwin Lewis Baird predeceased his father by many years, and at the latter’s death there survived of this branch of the family four children of Edwin Lewis Baird, deceased, and one grandchild, who was the child of a deceased daughter. Two separate contests of the will of Alfred Baird were filed, one by Mrs. Hurd, his daughter, and another by his grandchildren and great grandchild representing Edwin Lewis Baird, deceased. Both contests were based originally upon allegations of improper execution of the will, unsoundness of the *383 testator’s mind, and undue influence which it was alleged B. M. Baird exercised upon the testator. The contests were tried together and at the trial the contestants abandoned all attacks upon the validity of the will except that based upon the alleged undue influence.
When the original will was executed, November 23, 1909, the testator’s wife was living and provision was made for her, to the extent of an income of one hundred dollars per month for h<jr life. The surviving children of Edwin Lewis Baird, deceased, were given one thousand dollars each, and the infant child of the deceased child of said E'dwin Lewis Baird the sum of ten dollars. The only provision for testator’s daughter, Sarah Alice Hurd, was one for the payment to her of $25 per month during her life, the testator saying: “I make this provision for my said daughter as the best method of protecting her from want during her life and because she has already received a good deal from me, all of which she has squandered.” All the rest and residue was given to the son, B. M. Baird, and the daughter, Florence Keeler, to be divided equally between them, and said B. M. Baird was appointed executor without bonds. A codicil dated February 9, 1912, accompanied the will, the same making no change therein except to cancel the provision for the wife, she having died, and also to provide that Florence Keeler’s share in the residue should be two thousand dollars less than the share of B. M. Baird.
In view of the condition of the pleadings it must be taken as established that the codicil of February 9, 1912, was admitted to probate. The petitions for revocation of probate filed by the contestants allege that on December 14, 1914, an order was made admitting to probate ‘1 as and for the last will of said Alfred • Baird, deceased, and a codicil thereto, two certain alleged papers . . . dated November 23, 1909, and February 9, 1912, respectively.” The answers expressly admitted the truth of these allegations. The contest was as to both documents. In the codicil the testator stated that having on the twenty-third day of November, 1909, made his last will, he declared this to be a codicil to the same, and said: “I hereby ratify and confirm said will in every respect in so far as the same is not inconsistent with this codicil.” If the codicil was duly executed, its execution was equivalent, of course, to a re-execution of the will. Its admission to pro *384 bate necessarily established prima facie for all the purposes of the contest, that it was duly executed in the manner required by law by a testator who was competent, free from undue influence, etc. The burden of proof was on the contestants to establish its invalidity. It is plain, therefore, that unless the evidence introduced was of such a nature that it would have sufficed to legally support a conclusion of undue influence as to the codicil, there was no error in granting the motion for a nonsuit.
Certainly there was no sufficient showing of undue influence as to the codicil. No showing at all was attempted as to the circumstances surrounding its execution. The authorities in this state are numerous to the effect that however unnatural a will may appear to be, and however much at variance with expressions by the testator as to his intention with regard, to the natural objects of his bounty, it may not be held invalid on the ground of undue influence unless there be an actual showing of that sort of pressure which overpowered the mind and mastered the volition of the testator at the very moment of execution. (See Estate of Clark, 170 Cal. 418, 424, [149 Pac. 828] ; Estate of Carithers, 156 Cal. 422, 428, [105 Pac. 127]; Estate of Gleason, 164 Cal. 756, 765, [130 Pac. 872] ; Estate of Kilborn, 162 Cal. 4, [120 Pac. 762]; Estate of Lavinburg, 161 Cal. 536, [119 Pac. 915].) This is the well-settled general rule. There is a well-established exception to this rule, upon which contestants rely here, to the effect that where one who unduly profits by the will as a beneficiary thereunder sustains a confidential relation to the testator, and has actually participated in procuring the execution of the will, the burden is on him to show that the will was not induced by coercion or fraud. As suggested in Estate of Higgins, 156 Cal. 261, [104 Pac. 8], a“presumption of undue influence” arises from proof of the existence of a confidential relation between the testator and such a beneficiary, lccoupled with activity on the part of the latter in the preparation of the will. ’ ’ The confidential relation alone is not sufficient. There must be activity on the part of the beneficiary in the matter of the preparation of the will. (See in this connection, Estate of Kicks, 160 Cal. 461, [117 Pac. 532]; Estate of Lavinburg, 161 Cal. 543, [119 Pac. 915]; Estate of Higgins, supra; Estate of McDevitt, 95 Cal. 17, 33, [30 Pac. 101]; Coghill v. Kennedy, 119 Ala. 641, *385 [24 South. 459].) The whole claim of contestants in this connection is that there was such activity on the part of B. M. Baird. Learned counsel practically admit that unless this claim is well based, no sufficient case was made. We may assume for the purposes of this decision that there was a sufficient prima facie showing to satisfy the law of the existence of a confidential relation between the testator and B. M. Baird, and that the latter did participate to some slight extent in procuring the execution of the will of November 23, 1909. Even as to this it is questionable if there was a sufficient showing to put the proponents to their proof. But there was not even any attempt to show any activity whatever on his part in relation to the preparation or execution of the codicil, and the record is absolutely destitute of evidence in this regard. There is nothing in the evidence inconsistent with the idea that the testator executed the codicil without any previous suggestion of such action by anyone, and entirely of his own free will, without influence or coercion of any kind. The burden was on the contestants to show the contrary. This being the situation, it is immaterial that the evidence may have been sufficient to legally support a conclusion that the execution of the will on November 23, 1909, was induced by undue influence. The free and voluntary re-execution of the will by the testator on February 9, 1912, disposed of the objection on this ground.
It is said in the last brief filed by learned counsel for contestants that the codicil was not admitted to probate as a part of the will of deceased. This statement, as we have shown, is opposed to the allegations contained in their petitions for revocation. The question is one that is absolutely settled for all the purposes of this proceeding by the pleadings. There have been included in the clerk’s transcript copies of the proceedings on the original probate, such as the testimony of subscribing witnesses, certificate of proof of will, order admitting will to probate, etc., and it is on these that contestants’ attorneys rely for their claim that the codicil was not proved or admitted to probate. It may be doubted whether under the circumstances they constitute any proper part of the record on appeal. But considering them it is perfectly apparent that the will and codicil were filed as one instrument, and as such were annexed to the certificate of proof of will, and admitted to probate, as constituting the last will *386 of the deceased. We are not privileged here to consider the nature of the testimony given on the original hearing, or to determine any question as to the sufficiency of such evidence to justify the action of the court in admitting the codicil to probate as a part of the will. So far as this contest is concerned, the due and free execution thereof is established, until the contrary is shown, by the judgment or order of the court admitting it to probate.
It follows from what we have said that a verdict in favor of contestants could not have been held to have sufficient support in the evidence, and that the trial court did not err in granting the motion for a nonsuit.
Complaint is made of certain rulings on evidence, hut they all related to matters which could not affect the result in view of the failure to show any activity on the part of B. M. Baird in the matter of procuring the execution of the codicil. Without such proof contestants could not succeed, and none of the evidence or proffered evidence involved in any of these rulings had Sny reference to this matter. It is therefore unnecessary to discuss them.
The judgment is affirmed.
Shaw, J., Sloss, J., Melvin, J., Henshaw, 'J., and Lawlor, J., concurred.